**In the United State District Court**
**For the Eastern District of Pennsylvania**

| | |
|---|---|
| FORREST MITCHELL and JEAN MITCHELL, ) <br> Husband and Wife, ) <br> 2037 Farmview Drive ) <br> Newtown, PA 18940 ) <br>                Plaintiffs, ) <br>   vs. ) <br> CHICK & GEORGE, INC., d/b/a MONDAY ) <br> MORNING FLOWER AND BALLOON ) <br> COMPANY, ) <br> 111 Main Street ) <br> Princeton, NJ 08540 ) <br>                *and* ) <br> MONDAY MORNING FLOWER AND ) <br> BALLOON COMPANY, ) <br> 111 Main Street ) <br> Princeton, NJ 08540 ) <br>                Defendants. ) | No. <br><br><br><br><br> JURY TRIAL DEMANDED |

# COMPLAINT

**COME NOW** Plaintiffs, Forrest Mitchell and Jean Mitchell, Husband and Wife, by and through their Counsel, Jill Kelly McComsey, of McComsey Law, LLC, and aver the following:

## PARTIES

1.    Forrest Mitchell and Jean Mitchell are adult individuals who, at all times relevant hereto, have been married and residing at 2037 Farmview Drive, Newtown, Bucks County, Pennsylvania.

1

2. Upon information and belief, Defendant Chick & George, Inc., is a corporation, partnership, limited partnership, incorporated association, limited liability corporation, limited liability partnership or other business entity, doing business as Monday Morning Flower and Balloon Company and having its principal place of business located at 111 Main Street, Princeton Forrestal Village, Princeton, Mercer County, New Jersey.

3. Upon information and belief, Defendant Monday Morning Flower and Balloon Company is a corporation, partnership, limited partnership, incorporated association, limited liability corporation, limited liability partnership or other business entity, having its principal place of business located at 111 Main Street, Princeton Forrestal Village, Princeton, Mercer County, New Jersey.

4. Upon information and belief, Defendants, individually or in some combination with one another, are in the business of selling and delivering flowers, balloons, and gifts.

5. In addition to offering same day flower and gift delivery to an extensive list of towns in New Jersey, Defendants also service the following areas of Pennsylvania 7 days a week: Lower Makefield, Newtown, Washington Crossing, Morrisville, Upper Makefield, and Yardley in Bucks County, Pennsylvania.

6. According to their website, Defendants' deliveries are done by their team of uniformed drivers in their own fleet of vans.

7. At all relevant times, on or about September 27, 2019, Errol McBean was a uniformed driver of one of Defendants' vans acting within the course and scope of his employment with Defendants.

8. At all times relevant hereto, Errol McBean was an agent, employee or ostensible agent of Defendants.

## JURISDICTION AND VENUE

9. Plaintiffs are residents of Bucks County, Pennsylvania, and were injured in a motor vehicle accident in Lower Makefield Township, Bucks County, Pennsylvania.

10. At all times relevant hereto, Plaintiffs were citizens of the Commonwealth of Pennsylvania.

11. Defendants, at all times relevant hereto, were business entities with their principal places of business and citizenship in Princeton, Mercer County, New Jersey.

12. In the instant Complaint, Plaintiffs are demanding judgment in an amount in excess of $75,000.00.

13. This Honorable Court has diversity jurisdiction because diversity of citizenship of the parties exists and the amount in controversy exceeds $75,000.00.

14. Personal jurisdiction exists over these defendants because they conduct business in the Commonwealth of Pennsylvania, regularly making flower and gift deliveries on behalf of customers in Bucks County in the Commonwealth of Pennsylvania.

15. Venue is proper in the Eastern District of Pennsylvania because it is the location of the subject motor vehicle accident.

16. Plaintiffs demand an award in excess of the limits, requiring arbitration in federal court ($150,000.00).

**FACTUAL BACKGROUND**

17. On September 27, 2019, at or around 2pm, Errol McBean was the operator of and Defendants were the owner of a 2005 Silver Dodge Caravan, bearing New Jersey Registration XDSB87, which vehicle was being operated in a westbound direction on Route 332 at or near its intersection with Stony Hill Road, Lower Makefield Township, Bucks County, Pennsylvania.

18. On September 27, 2019, at or around 2PM, Plaintiff, Jean Mitchell, was the operator of a 2017 Infiniti with Pennsylvania Registration KJT9376, travelling eastbound on Route 332 in the left lane in Lower Makefield Township, Bucks County, Pennsylvania.

19. Plaintiff Jean Mitchell had the right of way, as she proceeded through the intersection with Stony Hill Road.

20. Errol McBean failed to observe the Mitchell vehicle when it entered the intersection at Stony Hill Road.

21. Errol McBean executed a left turn in Defendants' van into the path of the Mitchell vehicle.

22. Errol McBean encroached Jean Mitchell's lane of travel in Defendants' van, resulting in a sudden and violent collision.

23. The vehicle operated by Defendants' employee, agent, or ostensible agent was operated in such a fashion to cause a sudden and violent collision with the vehicle operated by Plaintiff, Jean Mitchell.

24. The airbags deployed in the Plaintiffs' vehicle.

25. At the time of the collision, Plaintiff Forrest Mitchell had been riding in the front passenger seat.

## COUNT I:  NEGLIGENCE
## FORREST MITCHELL v. DEFENDANTS

26. Defendants, by and through their employee, agent, or ostensible agent, Errol McBean, were negligent and careless in the operation of the flower delivery van in in the following respects:

   (a) In driving blindly without eyes fully on the road;

   (b) In driving blindly without eyes fully on the road for several seconds when driver knew or should have known that doing so posed a high and unreasonable risk of harm to others in his path;

   (c) In failing to observe other vehicles in the roadway directly in front of him and in plain sight;

   (d) In failing to yield the right-of-way to which Plaintiffs were entitled;

   (e) In failing to slow down and pay extra close attention as he approached this intersection when he knew that failing to do so posed a high risk of harm to others;

(f) In failing to keep a lookout ahead for other vehicles lawfully using the roadway;

(g) In failing to respond appropriately to traffic on the roadway;

(h) In failing to keep and maintain a proper lookout for other vehicles on the roadway when driver knew or should have known that failing to look at the roadway ahead of him posed a high risk of harm to others in his path;

(i) In failing to be able to stop his vehicle in the assured clear distance ahead;

(j) In failing to make any attempt to avoid a collision with other vehicles;

(k) In failing to engage brakes of the vehicle upon approaching another vehicle on the roadway;

(l) In failing to provide warning to other vehicles on the roadway that he could not stop his vehicle before point of impact;

(m) In driving his vehicle in a manner in which he was unable to stop it before it collided with others;

(n) In failing to drive at a safe speed for conditions;

(o) In failing to prevent his vehicle from colliding with Plaintiff's vehicle;

(p) In failing to wait to proceed until there were no obstacles in the roadway;

(q) In driving at a speed that was unsafe given the setting and configuration of the roadway;

(r) In failing to be able to slow or bring vehicle to a stop prior to colliding with the vehicles in the intersection;

(s) In driving while distracted;

(t) In failing to keep full attention on the roadway; and

(u) In looking at mobile device, GPS, radio, or other distracting device while driving instead of looking at the roadway ahead.

27. At all times pertinent to the filing of this Complaint, Defendants knew or should have known that Errol McBean was unwilling and/or incapable of safely operating a motor vehicle.

28. Despite the fact that Defendants knew or should have known that Errol McBean was unwilling and/or incapable of safely operating a motor vehicle, Defendants did entrust the certain aforementioned flower delivery van to Errol McBean.

29. Defendants were negligent and careless for the following conduct:

(a) entrusting a motor vehicle to an individual Defendants knew or should have known was incapable of operating said motor vehicle in a safe and lawful manner;

(b) entrusting a motor vehicle to an individual Defendants knew or should have known used mobile devices while operating vehicles;

(c) entrusting a motor vehicle to an individual Defendants knew or should have known was likely to use a motor vehicle in a manner that would create an unreasonable risk of serious harm or death to others as set forth herein;

(d) entrusting a motor vehicle to an individual without undertaking adequate measures to ensure that the driver was capable of operating said motor vehicle in a safe and lawful manner with his eyes on the road at all times;

(e) failing to ensure that only competent employees drive delivery vans;

(f) failing to perform adequate investigations on its drivers to ensure they handle vehicles on the roadway with care;

(g) failing to supervise and monitor employees to ensure that they are alert, safe, careful and competent in their operation of company vehicles;

    (h)    failing to have effective policies, procedures, practices and programs in place to properly hire, train and supervise employees to prevent injuries and protect members of the motoring public, including Plaintiff and others similarly situated;

    (i)    failing to implement comprehensive safety programs for employees to prevent crashes and injuries and to provide employees training on how to safely operate delivery vans; and

    (j)    failing to have a strictly enforced policy on the use of mobile devices while driving and/or failing to have policies that precluded employees from using mobile devices while operating company issued vehicles.

30. As a direct and proximate result of the above-described occurrence and the negligence and carelessness of Defendants, Plaintiff Forrest Mitchell suffered serious injuries, including bilateral permanent hearing loss requiring bilateral hearing aids and a recommendation for cochlear implants, displacement/movement of catheter port for kidney dialysis requiring surgery, balance issues, inability to hear or engage in activities that require hearing, and need for special TTY telephone.

31. As a direct and proximate result of the above-described occurrence and the negligence and carelessness of Defendants, Plaintiff Forrest Mitchell has suffered great mental anguish, physical pain, and humiliation up to the date of the filing of this Complaint.

32. As a direct and proximate result of the above-described occurrence and the negligence and carelessness of Defendants, Plaintiff Forrest Mitchell will continue to suffer great mental anguish, physical pain and humiliation in the future.

33. As a direct and proximate result of the above-described occurrence and the negligence and carelessness of Defendants, Plaintiff Forrest Mitchell has been unable to pursue and enjoy the usual activities of life of an individual of Plaintiff's age and circumstances, and Plaintiff has suffered a loss of enjoyment of life, loss of happiness and loss of pleasure of life up to the date of the filing of this Complaint and will continue to suffer the same throughout the remainder of her life.

34. As a direct and proximate result of the above-described occurrence and the negligence and carelessness of Defendants, Plaintiff Forrest Mitchell has been caused to expend various and diverse sums of money for medical care and treatment, drugs and medication, therapy and rehabilitation.

35. As a direct and proximate result of the above-described occurrence and the negligence and carelessness of Defendants, Plaintiff Forrest Mitchell the Plaintiff will be caused to expend various and diverse sums of money in the future for medical care and treatment, drugs and medication.

36. As a direct and proximate result of the above-described occurrence and the negligence and carelessness of Defendants, Plaintiff Forrest Mitchell has suffered disfigurement from surgery and may suffer additional disfigurement for future surgeries, including external wiring for cochlear implants.

37. Under the Motor Vehicle Financial Responsibility Law, Plaintiffs have an unrestricted right to seek financial compensation for the injuries stated herein, either because Plaintiffs are covered under the "full tort" option, or because Plaintiffs have

suffered a serious injury, or because Plaintiffs come within one of the exceptions set forth under 75 P.S. Section 1705.

WHEREFORE, Plaintiffs demands judgment in their favor and against Defendants in an amount that exceeds the jurisdictional amount requiring arbitration, together with interest and costs. Plaintiffs further demand a trial by jury of twelve of their peers to determine their cause.

## COUNT II - LOSS OF CONSORTIUM
## JEAN MITCHELL v. DEFENDANTS

38. Plaintiffs hereby incorporate paragraphs 1 through 37 herein by reference as though the same were set forth more fully at length herein.

39. The Plaintiffs were married at all pertinent times to the filing of this Complaint and remain so married as of the date of the filing of this Complaint.

40. As a direct and proximate result of the above-described negligence of Defendants, Plaintiff Jean Mitchell has suffered the loss of affection, assistance, and consortium of her husband that she would have received had he not been injured as a result of the negligence and careless of the Defendants.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount that exceeds the jurisdictional amount requiring arbitration, together with interest and costs. Plaintiffs further demand a trial by jury of twelve of their peers to determine their cause.

Date: September 20, 2021          By:_____*Jill Kelly McC*_____
                                  Jill Kelly McComsey, ID No. 200613
                                  McComsey Law, LLC
                                  PO Box 161
                                  Milford Square, PA 18935
                                  Phone: 610-492-0545
                                  Fax: 610-514-5994
                                  Email:  Jill@McComseyLaw.com
                                  Attorney for Plaintiffs